IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>A VEHICLE GENERALLY DESCRIBED AS A 2014 TOYOTA 4RUNNER SUV,<br><br>Defendant. | ) | Civil No. 1:26-cv-00028<br><br>VERIFIED COMPLAINT FOR FORFEITURE IN REM |

Plaintiff, the United States of America, hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action to forfeit and condemn specific property (hereinafter the "Defendant Property") to the use and benefit of the United States of America (hereinafter "Plaintiff") for its involvement, as set forth below, in violations of 21 U.S.C. §§ 841(a)(1).

2. The Defendant Property is forfeitable pursuant to 21 U.S.C.§ 881(a)(4) as a vehicle used to transport and facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, as set forth below.

## II. DEFENDANT IN REM

3. The Defendant Property is described more specifically as follows:

**a 2014 Toyota 4Runner Sport Utility Vehicle ("SUV") (VIN: JTEBU5JR0E5169903), bearing Ohio license plate T642725.**

4. The Defendant Property is in the custody of the Iowa Department of Public Safety. The details of the seizure are discussed below.

## III. JURISDICTION AND VENUE

5. The Court has jurisdiction over this civil action commenced by Plaintiff under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a).

6. The Court has in rem jurisdiction and venue over the Defendant Property under 28 U.S.C. §§ 1355(b)(1)(A)–(B) and 1395(b)–(c) because acts or omissions giving rise to the forfeiture occurred in this district and because the Defendant Property was found in and was brought into this district.

## IV. APPLICABLE STATUTES

7. The Controlled Substances Act was enacted by Congress as Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801–904).

8. The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

9. Schedule II substances have a high potential for abuse and have a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions, but use may lead to severe psychological or physical dependence. 21 U.S.C. § 812(b)(2)(A)–(C).

10. Cocaine is a Schedule II controlled substance. 21 C.F.R. § 1308.12(b)(4) (2025).

11. Fentanyl is a Schedule II controlled substance. 21 C.F.R. § 1308.12(c)(9) (2025).

12. Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute a controlled substance unless authorized by law to do so. 21 U.S.C. § 841(a)(1).

## V. FACTS

### A. The Offense Conduct

13. On June 1, 2025, a traffic stop was executed on the Defendant Property on Interstate I-80 in Cass County in the Southern District of Iowa for dark tinted windows.

14. Hugo Brito (hereinafter "BRITO") was the sole occupant and driver of the vehicle.

15. The trooper conducting the stop noticed that the third row of seats in the Defendant Property was elevated from its natural original manufacturing design, which can be an indication of a hidden aftermarket compartment.

16. The trooper also noticed the strong smell of marijuana and air freshener inside the vehicle.

17. BRITO told the trooper he was traveling from Nebraska, but several elements of his recounting of his weekend in Nebraska did not make logical sense.

18. The proof of insurance provided to the trooper for the Defendant Property was held in the name Jose Avendano (hereinafter "AVENDANO").

19. The vehicle registration provided to the trooper indicated the Defendant Vehicle belonged to "Expensive Pain Studios," which BRITO claimed was AVENDANO's tattoo shop in downtown Cincinnati.

20. There is no tattoo shop called "Expensive Pain Studios" in downtown Cincinnati.

21. BRITO consented to a search of the vehicle, which he admitted contained marijuana.

22. During the search, the trooper located a marijuana joint in the center console, $2,500 in cash[1] in a handbag on the passenger seat, and an aftermarket hidden compartment under the rear seats containing eight separate kilogram-sized packages that field-tested positive for both cocaine and fentanyl.

23. The eight kilogram-sized packages had a total packaged weight of nineteen pounds and six ounces.

**B. <u>Post-*Miranda* Interview of BRITO</u>**

24. In a post-*Miranda* interview, BRITO said the vehicle belonged to AVENDANO.

25. BRITO said he and AVENDANO drove from their residences in Ohio to Grand Island, Nebraska, where they met up with some of AVENDANO's family. From there, they all drove in two vehicles to Monterey Park, California.

26. While in California, AVENDANO had someone put drugs inside the compartment of the Defendant Property.

[1] The cash was forfeited by the state.

27. BRITO alleged that AVENDANO told him that there were three kilograms of cocaine inside the 4Runner, which AVENDANO paid BRITO $1,500 to transport back to Ohio (at a price of $500 per kilogram).

### C. <u>The Criminal Case</u>

28. On September 25, 2025, a superseding indictment[2] was returned in the U.S. District Court for the Southern District of Iowa charging BRITO with one count of possession with intent to distribute a controlled substance, namely fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C § 841(a)(1) and 841(b)(1)(A).[3] *United States v. Hugo Joel Brito*, No. 1:25-cr-00034 (S.D. Iowa 2025).

29. On October 16, 2025, BRITO, without a plea agreement, pled guilty in open court before a magistrate judge to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) for his possession of a mixture and substance containing fentanyl in the Defendant Property on June 1, 2025. The Court accepted the magistrate judge's report and recommendation as to BRITO's guilty plea on October 31, 2025.

30. BRITO was sentenced on February 19, 2026, to sixty-three months' imprisonment followed by three years' supervised release.

[2] The initial indictment was returned June 25, 2025, and charged BRITO with possession of cocaine with intent to distribute. Cocaine was replaced with fentanyl in the superseding indictment.

[3] There was not a notice of forfeiture in the superseding indictment.

### D. Ownership of the Defendant Property

31. The Defendant Property is registered in Ohio to "Expensive Pain Studios."

32. "Expensive Pain Studios, LLC" is a business entity that originally registered with the Ohio Secretary of State on March 21, 2024, as a domestic limited liability company.

33. "Expensive Pain Studios, LLC" remains an active registered business entity with the Ohio Secretary of State.

34. The registered agent for "Expensive Pain Studios, LLC" is AVENDANO.

35. The address for the business and the registered agent is associated with a residential apartment in Cincinnati, Ohio.

36. Law enforcement officers know from their training and experience that people engaged in drug trafficking often attempt to disguise the ownership of property used to facilitate their drug trafficking operations to hinder law enforcement in identifying the true parties involved in the illegal conduct.

37. There are no known liens on the vehicle.

## VI. COUNT ONE
## FORFEITURE UNDER 21 U.S.C. § 881(a)(4)

38. Plaintiff repeats and realleges each and every allegation set forth above.

39. The Defendant Property is forfeitable pursuant to 21 U.S.C.§ 881(a)(4) as a conveyance, including aircraft, vehicles, or vessels, which was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale,

receipt, possession, or concealment of controlled substances, including eight kilograms of cocaine and/or fentanyl, Schedule II controlled substances.

40. As a result of the foregoing, the Defendant Property is liable to condemnation and forfeiture to Plaintiff pursuant to 21 U.S.C. § 881(a)(4).

## VII. CONCLUSION

WHEREFORE, Plaintiff requests the foregoing property be civilly forfeited and such other relief to which it is entitled under applicable law.

Respectfully Submitted,

David C. Waterman
United States Attorney

By: */s/ Craig Peyton Gaumer*

Craig Peyton Gaumer
Assistant United States Attorney
U.S. Attorney's Office
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Austen Farver, hereby verify and declare under penalty of perjury that I am a Special Agent for the Iowa Department of Public Safety in the Division of Narcotics Enforcement, that I have read the foregoing Verified Complaint, and that I know the contents and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge, and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds for my belief are the official files and records of the Iowa Department of Public Safety and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent.

Date: 6-9-2026

Farver Austen Digitally signed by Farver Austen Date: 2026.06.09 08:51:21 -05'00'

Austen Farver, Special Agent
Division of Narcotics Enforcement
Iowa Department of Public Safety